2009 BNH 018
_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:                                                                                  Bk. No. 08-13006-MWV
                                                                                        Chapter 7
Mark E. Johnson and
Karen K. Johnson,
                      Debtors


*Michael S. Askenaizer, Esq.*
LAW OFFICE OF MICHAEL S. ASKENAIZER, PLLC
*Attorney for Debtors*

*William Philpot, Jr., Esq.*
HAUGHEY, PHILPOT & LAURENT, P.A.
*Attorney for Countrywide Home Loans, Inc.*

*Deborah A. Notinger, Esq.*
DONCHESS, NOTINGER & TAMPOSI, P.C.
*Attorney for Steven M. Notinger,*
*Chapter 7 Trustee*


## MEMORANDUM OPINION

The Court has before it Mark E. Johnson's and Karen E. Johnson's (the "Debtors") motion to distribute funds (Ct. Doc. No. 44) (the "Motion") being held in escrow by the trustee as it relates to raw land formerly owned by the Debtors. The motion before the Court was filed on March 9, 2009, and the Court held an evidentiary hearing on the motion on May 4, 2009. The Chapter 7 trustee filed a limited response/objection to the motion (Ct. Doc. No. 46), and Countrywide Home Loans, Inc. ("Countrywide"), filed an objection to the motion (Ct. Doc. No. 47). For the reasons discussed below, the Debtors' motion is granted subject to the agreement between the Debtors and Chapter 7 trustee.

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy

Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

The Debtors formerly owned real property located at 16 Spaulding Lane, Hollis, New Hampshire.  The real property was made up of two separate parcels of land; one being described as "map 8 lot 50" ("Parcel A"), and the other being described as "map 8 lot 49" ("Parcel B").  The Debtors purchased Parcel A on January 25, 1996, and recorded the deed in the Hillsborough County Registry of Deeds at Book 5689, Page 1478.  On September 26, 1996, the Debtors purchased Parcel B, and recorded that deed in the Hillsborough County Registry of Deeds at Book 5759, Page 54.  In 2001, the Debtors performed a lot line relocation to add part of Parcel B onto Parcel A.  In 2003, the Debtors granted Countrywide a mortgage on their property (the "2003 Mortgage").  The parties agree that the 2003 Mortgage encumbers Parcel A and a portion of Parcel B.  In 2005, the Debtors granted Countrywide a mortgage in order to refinance their property (the "2005 Mortgage").  The parties agree that the 2005 Mortgage encumbers Parcel A.  However, the parties disagree as to whether the 2005 Mortgage also encumbers all of Parcel B.

Upon agreement of the Debtors, Countrywide, and the trustee, both parcels were sold as one property through the Court under 11 U.S.C. § 363[1] for a gross sale price of $550,000.  Of the gross sale price, $380,000 was allocated to Parcel A and the remaining $170,000 was allocated to Parcel B.  The net proceeds allocated to Parcel A have been paid to Countrywide.  The Debtors now move the Court to order the trustee to turn over to the Debtors the net proceeds allocated to the unencumbered Parcel B as part of the Debtors' homestead exemption.  Countywide objects to the Debtors' Motion and insists that Countrywide is entitled to the net proceeds of Parcel B because Parcel B is encumbered by the 2005

---

[1]Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

-2-

Mortgage. The trustee filed a limited response/objection to the Debtors' Motion stating that the Debtors and trustee have reached an agreement that if the Debtors prevail on their Motion, the Debtors shall pay the estate $20,000 out of the net proceeds of Parcel B in exchange for the trustee selling the property and not challenging the Debtors' homestead exemption in Parcel B. Alternatively, if the Court rules in favor of Countrywide, the trustee requests that the Court order Countrywide to pay the estate $20,000 in exchange for the trustee's preserving the value of the property for the lender.

## DISCUSSION

### I. Property Encumbered by the Mortgage

Under New Hampshire law, "No deed of bargain and sale, mortgage nor other conveyance of real estate . . . shall be valid to hold the same against any person but the grantor and his heirs only, unless such deed or lease be attested, acknowledged and recorded, according to the provisions of this chapter." N.H. Rev. Stat. Ann. § 477:7. "Generally, the rules as to descriptions of real estate in mortgages conform to those prevailing with respect to descriptions in deeds." 54A Am. Jur. 2d Mortgages § 32. In New Hampshire, "[a] deed must contain a description of the land to be conveyed . . . . A deed need not in or by itself fully describe the property if it provides information by which identification is possible (such as reference to a previously recorded deed or plan)." N.H. Bar Ass'n Title Examination Standards § 5-50 1, 16 (2007).

Countrywide's 2005 Mortgage provides a description of the encumbered land as "map 8 lot 50." (Countrywide's Ex. 3.) No further description is mentioned, nor does the mortgage make reference to any exhibits, attachments, or the like providing a legal description. After the fifteenth enumerated page of the 2005 Mortgage provided by Countrywide, affixed is a document titled "Exhibit A." Id. Other than the label of "Exhibit A," no further title is provided, and the purpose of Exhibit A's inclusion is unclear. Id. The Debtor also testified that Exhibit A was not included at the closing as part of his copy of the 2005 Mortgage. All pages of the 2005 Mortgage were initialed by the Debtors except for the attached Exhibit

-3-

A. Id. Anyone reading the mortgage could stop after reading "map 8 lot 50," and conclude that Parcel A is the mortgaged property.

Several problems can arise when either party to a mortgage attempts to exercise their power over the subject property. For instance, a conveyance may contain a latent ambiguity if the language in the conveyance is clear but the conveyance described can be applied to two different pieces of property. See Flanagan v. Prudhomme, 644 A.2d 51, 56 (N.H. 1994). On the other hand, a conveyance may not reflect the actual intent of the parties due to a mutual mistake. Matter of Lemieux, 949 A.2d 720, 723 (N.H. 2008). As the Court previously stated, the 2005 Mortgage specifically states that it encumbers the property located at "map 8 lot 50." Countrywide purports that the 2005 Mortgage constitutes the final written agreement between the parties and that the Court may not consider any other evidence. (See Countrywide Objection to the Debtors' Mot.) However, Countrywide argues that the 2005 Mortgage encumbers both Parcels A and B. Id. As such, it seems that Countrywide is asserting that the 2005 Mortgage contains a latent ambiguity, either because the description of "map 8 lot 50" can be applied to two different pieces of property (i.e. only Parcel A or both Parcel A and B), or because the inclusion of Exhibit A necessitates an application of the mortgage to different pieces of property.

Contrary to Countrywide's position, the Debtors' Motion, although not thoroughly articulated, appears to assert that the addition of Exhibit A or any belief that the 2005 Mortgage covers property other than Parcel A is a result of mutual mistake. (See Debtors' Mot. to Disburse Funds); See also Connecticut General Life Ins. Co. v. Universal Ins. Co., 838 F.2d 612, 622 ("[A] pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief[,]" however, "[i]t is not necessary to set out the legal theory on which the claim is based.") (internal quotations omitted). The Court need not determine whether the 2005 Mortgage contains a latent ambiguity or mutual mistake. Either theory permits the Court to review parol evidence to determine the parties' intent. See Berthiaume v. McCormack, 891 A.2d 539, 547 (N.H. 2006) (consideration of extrinsic evidence permitted where

language of relevant documents contain latent ambiguity); See also Lemieux, 949 A.2d at 723 ("Although the plain meaning rule bars consideration of parol evidence . . . parol evidence may establish that, due to a mutual mistake, the writing does not reflect the agreement of the parties.") (internal quotations omitted).

In considering parol evidence, the Court has been presented with the 2003 Mortgage, the Plan indicating the Debtors' lot line adjustment, the deeds to Parcel A and B, the Loan Application to the 2005 Mortgage, the appraisal of the subject property for the 2005 Mortgage, and witness testimony.  The Loan Application states that the 2005 Mortgage is a refinance of the 2003 Mortgage.  (See Countrywide's Ex. 10.)  In describing the property mortgaged, the 2003 Mortgage refers to "Exhibit A" for a legal description of the encumbered property.  (See Debtors' Ex. 105.)  The parties agree that the 2003 Mortgage only encumbered Parcel A and a portion of Parcel B.  Exhibit A of the 2003 Mortgage refers to the deed of Parcel A "and a Portion of the premises conveyed by deed dated 9-26-96 recorded at [the Hillsborough Country Registry of Deeds] at Book 5759, Page 54."  Id.  The "portion" referred to in Exhibit A of the 2003 Mortgage is that part of Parcel B that the Debtors added to Parcel A as part of the lot line adjustment in 2001.  (See Debtors' Ex. 102.)

The appraisal of the subject property for the 2005 Mortgage, that was conducted upon Countrywide's request, specifically indicates that the appraisal is for Parcel A only; that is, the property located at "lot 8, map 50."  (Debtors' Ex. 107.)  Additionally, the testimony of Robert Marcoux, the appraiser, corroborated the fact that the appraisal was only done on Parcel A.  Mr. Marcoux indicated that the conducted appraisal would have been different if Countrywide wanted the appraisal to include Parcel B.  Moreover, the now attached Exhibit A to the 2005 Mortgage refers to the deed of Parcel A and "ALL THAT PROTION (sic) OF LAND DESCRIBED BY A DEED . . . RECORDED . . . IN THE HILLSBOROUGH REGISTRY OF DEEDS IN LIBER 5759 PAGE 54."  (Countrywide's Ex. 3.)  While not artfully drafted, in referring to a "portion of land," Exhibit A to the 2005 Mortgage appears to describe the property encumbered by the mortgage as Parcel A and that part of Parcel B added to Parcel A

as part of the Debtors' lot line adjustment.  If Exhibit A to the 2005 Mortgage was intended to cover more than the land covered by the lot line relocation, the words "portion of land" would be unnecessary.

In an attempt to rebut the evidence presented, Countrywide called Robert Villegas to testify.  Mr. Villegas is employed by Bank of America Home Loans (formerly Countrywide) in the Case Management Division of the Bankruptcy Risk and Litigation Management Group.  While he reviewed the loan documents associated with this case, Mr. Villegas testified that he did not prepare the documents nor did he have any personal knowledge of how the Debtors' loan was originated.  As such, no weight was given to the testimony of Mr. Villegas.

## II. Countrywide's Defenses

In addition to claiming that the 2005 Mortgage encumbers both Parcels A and B, Countrywide urges the Court to deny the Debtors' Motion based on the defenses of equitable estoppel, waiver, estoppel by deed or instrument, and latches.  (See Countrywide's Objection to the Debtors' Mot.)  The basis for each of Countrywide's defenses rests on the theory that the Debtors had knowledge that the 2005 Mortgage encumbered both Parcels A and B because the 2005 Mortgage was recorded in public records.  See id.  As previously discussed, reading the recorded 2005 Mortgage would lead one to conclude that the mortgage encumbered Parcel A only.  No other reference to a description is made.  The page titled "Exhibit A" provides no clear information as to the purpose of its contents or relevancy with respect to the mortgage.  In fact, upon discovering Exhibit A attached to the end of the 2005 Mortgage, one could reasonably conclude that Exhibit A was a more particular description of Parcel A.  There would be no reason to believe that the description included Parcel B except that portion that was added to Parcel A as part of the 2001 lot line adjustment.  The Court concludes that the evidence presented indicates that the parties intended the 2005 Mortgage to encumber Parcel A only.  Accordingly, the Debtors are entitled to the net proceeds of Parcel B subject to the agreement they entered into with the Chapter 7 trustee referenced in the trustee's motion for sale of property (Ct. Doc. No. 20).

**CONCLUSION**

For the reasons set out herein, the Debtors' motion to disburse the net proceeds of Parcel B is granted. The Debtors are entitled to reasonable attorney's fees and costs pursuant to N.H. Rev. Stat. Ann. § 361-C:2. The Debtors' attorney shall file a request for such fees at which time the Court will make a determination as to the reasonableness of the amount. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

DATED this 23rd day of July, 2009, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge